**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STANLEY MAXWELL,

      Petitioner,

vs.   Case No.:   3:14-cv-738-J-32MCR
                                                                                                                                                         3:09-cr-38-J-32MCR

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

This case is before the Court on Petitioner Stanley Maxwell's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (II Civ. Doc. 1).[1] The United States has moved to dismiss the Motion without prejudice as an unauthorized second or successive motion to vacate. (II Civ. Doc. 4). Because Petitioner previously challenged the same judgment pursuant to 28 U.S.C. § 2255 and the Eleventh Circuit has not authorized this Motion as required by 28 U.S.C. § 2255(h), the United States' motion to dismiss is due to be granted.

On May 4, 2009, Petitioner pled guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (See Crim. Docs. 26, 27, 58). On

---

[1] Citations to Petitioner's underlying criminal case file, United States v. Stanley Maxwell, Case No. 3:09-cr-38-J-32MCR, will be denoted as "Crim. Doc. ____." Citations to Petitioner's first civil § 2255 case file, Case No. 3:11-cv-520-J-32MCR, will be denoted as "I Civ. Doc. ____." Citations to the instant civil § 2255 case file, Case No. 3:14-cv-738-J-32MCR, will be denoted as "II Civ. Doc. ___."

1

January 25, 2010, the Court sentenced him as a career offender to 184 months' imprisonment.  (See Crim. Doc. 44).  Although he initially filed a timely notice of appeal (see Crim Doc. 45), he subsequently moved to dismiss his appeal voluntarily with prejudice.  The Eleventh Circuit Court of Appeals granted his motion and dismissed his appeal on September 1, 2010.  (See Crim. Doc. 54).  On December 16, 2010, the United States filed a motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b).  (See Crim. Doc. 55).  This Court granted the motion on January 10, 2011, and reduced the Petitioner's sentence to 160 months' imprisonment.  (See Crim. Doc 56).

Petitioner next challenged the judgment through a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 signed May 20, 2011 in Case No. 3:11-cv-520-J-32MCR.  (I Civ. Doc. 1).  Petitioner alleged both that his plea agreement was unlawfully induced by coercion and pressure from his counsel and that his counsel was constitutionally ineffective for coercing him to sign the plea agreement and dismiss his appeal.  Petitioner also argued that he was "entrapped" by law enforcement into selling a greater amount of cocaine base than he would otherwise have been predisposed to sell in order to obtain a longer sentence of imprisonment.  (See I Civ. Docs. 1-2, 8).  The United States moved to dismiss the Motion to Vacate based on Petitioner's knowing and voluntary waiver of his right to collaterally attack his conviction and sentence in his written plea agreement.  (See I Civ. Doc. 7).  This Court granted the United States' motion to dismiss, finding that both Petitioner's plea of guilty and the appeal waiver contained in his plea agreement

were knowingly and voluntarily executed by Petitioner, thereby precluding the relief sought in his § 2255 motion. (See I Civ. Doc. 9). Accordingly, this Court denied the first § 2255 motion. (I Civ. Doc. 9; I Civ. Doc. 10). This Court also denied Petitioner a certificate of appealability, and Petitioner did not appeal. (I Civ. Doc. 9).[2]

Petitioner signed this Motion to Vacate on June 19, 2014, and invoked the prison mailbox rule. (II Civ. Doc. 1). In this Motion to Vacate, Petitioner challenges his status as a career offender under United States Sentencing Guideline §4B1.1. He argues that his 2003 and 1993 Florida convictions no longer qualify as predicate offenses under §4B1.1 because of Descamps v. United States, 133 S.Ct. 2276 (2013), which was decided on June 20, 2013, and because the sentence imposed on his 2003 conviction did not exceed thirteen months. The United States moved to dismiss this Motion without prejudice as a second or successive § 2255 motion that lacked certification from the Eleventh Circuit under § 2255(h). (II Civ. Doc. 4). Indeed, the record does not reflect that Petitioner has sought or obtained authorization from the Eleventh Circuit to file a second or successive motion to vacate, as 28 U.S.C. § 2255(h) requires.

Petitioner now challenges the same judgment that he challenged in his first § 2255 motion. This Court denied the first § 2255 motion after finding that relief was precluded by the collateral appeal waiver in his plea agreement, which was entered

---

[2] On March 23, 2015, Petitioner filed, by letter, a Motion for Retroactive Application of Sentencing Guidelines pursuant to Amendment 782 and 18 U.S.C. § 3582. (See Crim. Doc. 65). Following appointment of counsel (see Crim. Doc. 66), this Court denied Petitioner's Motion on January 19, 2016. (See Crim. Doc. 70).

3

knowingly and voluntarily. (See I Civ. Doc. 9). Thus, the instant Motion (II Civ. Doc.1) is "second or successive." See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014) ("second or successive" status attaches to a judgment on the merits) (citing Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (subsequent § 2254 petition deemed "second or successive" where it contested the same underlying judgment); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) (denial of first § 2255 motion rendered subsequent motion "second or successive").

When a federal prisoner seeks to file a second or successive § 2255 motion, prior authorization from the court of appeals is required by statute. See 28 U.S.C. § 2255(h). Specifically:

> [F]ederal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:
>
>   (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1998) (per curiam) (quoting 28 U.S.C. § 2255(h)); see also Holt, 417 F.3d at 1175 (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255).

"Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Holt, 417 F.3d at 1175 (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir.2003) (per curiam)).  Thus, until the Eleventh Circuit has authorized Petitioner to file a second or successive motion to vacate, this Court lacks jurisdiction to consider it.

As the Eleventh Circuit has not authorized Petitioner to file this second or successive Motion to Vacate, it is due to be dismissed without prejudice.  Section 2255(h)(2) provides the appropriate vehicle for Petitioner to seek relief if he believes that the Supreme Court's decision in Descamps, supra, announced a new, previously unavailable rule of constitutional law that is retroactive on collateral review.

Accordingly, it is hereby

**ORDERED:**

1. The United States' Motion to Dismiss (II Civ. Doc. 4) is **GRANTED**.

2. Petitioner's second or successive Motion to Vacate (II Civ. Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to his right to re-file it if the Eleventh Circuit Court of Appeals grants him permission to do so.

3. The Court has enclosed a copy of the form for applying to the Eleventh Circuit Court of Appeals for permission to file a second or successive motion to vacate.

4. The Clerk shall close the case.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of January, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

Enclosure

Copies:

Pro se petitioner
Counsel of record